UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Desmond Fielding,                                     Civil No. 21-1407 (DWF/DTS)

           Plaintiff,

v.                                                       MEMORANDUM
                                                       OPINION AND ORDER

Allina Health System,

           Defendant.

**INTRODUCTION**

This matter is before the Court on Plaintiff Desmond Fielding's appeal (Doc. No. 138) of Magistrate Judge David T. Schultz's June 1, 2023 order (Doc. No. 137). Defendant Allina Health System ("Allina") filed a response. (Doc. No. 150.) For the reasons set forth below, the Court affirms the decision of the Magistrate Judge.

**BACKGROUND**

Fielding asserts various state and federal claims against Allina, alleging race, color, and national origin discrimination. (Doc. No. 10.) During discovery, Fielding requested information related to all employees at Allina. (*See* Doc. No. 69.) Allina objected to these requests as overbroad, not relevant to any claim or defense, overly burdensome, and disproportionate to the needs of the case. (*See id.*) Fielding then moved to compel discovery. (Doc. No. 66.) At the motion hearing, Fielding focused his discovery request on statistical information about race discrimination complaints at Abbott Northwestern Hospital from 2015 to 2020 and EEOC, MHRC, and Minnesota

Commission on Civil Rights claims against Abbott Northwestern Hospital from the same period. (Doc. No. 151 ¶ 2.) The Magistrate Judge ordered Allina to provide the Court with additional information about the burden on Allina of producing the requested statistical information. (Doc. No. 129.) Allina complied with the request. (Doc. Nos. 131-32.) The Court then allowed Fielding to submit a response. (Doc. No. 134.) After reviewing the additional filings, the Magistrate Judge denied Fielding's motion, concluding that Fielding's discovery requests were disproportionate to the needs of the case. Fielding now appeals the Magistrate Judge's order.

## DISCUSSION

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (internal quotations and citation omitted). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017).

Fielding objects to the Magistrate Judge's order, asserting that the Magistrate Judge failed to sufficiently explain his reasoning. The fact that the Magistrate Judge did

not "expressly address" each of Fielding's arguments, however, "does not establish that the magistrate judge failed to consider" the arguments. *Id.* at 991.

Additionally, Fielding asserts that the Magistrate Judge did not properly analyze Rule 26(b)(1) of the Federal Rules of Civil Procedure.[1] In this case, Allina has provided Fielding with information about discrimination claims in Abbott's Telemetry Unit, where Fielding worked. Fielding then requested additional information about all discrimination claims within all units at Abbott Northwestern Hospital between 2015 to 2020.

Before making a determination on Fielding's request, Magistrate Judge Schultz ordered Allina to provide the Court with additional information about the burden of producing the requested data. Allina reported that "[t]o identify the number of race discrimination charges and lawsuits filed against Abbott Northwestern Hospital between 2015 and 2020, Allina would need to search for and review claims against Allina Health System between 2015 and 2020 to ensure that claims coded with more general 'work location' descriptions, such as 'hospital,' and employees who work at Abbott Northwestern Hospital and another Allina operating unit, are included in the dataset." (Doc. No. 131 ¶ 6.) In addition, "to provide information about race discrimination complaints made by employees [at Abbott Northwestern Hospital], [Allina] would have

---

[1] Fielding provided an offer of proof of various deposition testimony that he argues is relevant to his appeal. (Doc. No. 149.) These depositions, however, were not part of the record when Fielding filed his motion to compel discovery. Moreover, there is no evidence that Fielding offered this evidence at the motion hearing or in his additional submission (Doc. No. 134) to the Magistrate Judge. Thus, the Court will not consider this evidence. Even if the Court had considered this testimony, it would not have changed the Court's decision here.

to gather physical and electronic complaint files from all supervisors and HR Generalists at Abbott Northwestern between 2015-2020 and review all of the files to determine if there are any race discrimination complaints." (Doc. No. 132 ¶ 8.)

As Allina notes, Abbott employed 10,041 employees and 501 supervisors between 2015 and 2016. (*Id.* ¶ 5.) And Allina Health System has nearly 29,000 employees. (Doc. No. 131 ¶ 4.) The database of employee complaints at Allina was "site-specific rather than centralized." (Doc. No. 132 ¶ 7.) While Fielding asserted in his response that the number of employees and supervisors "is a red herring" (Doc. No. 134 at 2), the Court disagrees. These numbers are significant considering the outlined process for obtaining the requested data. In addition, Fielding argued that this information "should be easily access[ible]" and reiterated his assertion that the statistical information could be used to show a pattern and practice of discrimination. (*Id.* at 2-4.)

Based on the additional submissions, the Magistrate Judge concluded that Fielding's request—which is focused on complaints regarding different supervisors in different units—was disproportionate to the needs of the case. This conclusion is neither clearly erroneous nor contrary to law. Accordingly, the Magistrate Judge's order is affirmed.

## CONCLUSION

For the reasons outlined above, the Court affirms the Magistrate Judge's order.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's appeal of Magistrate Judge David T. Schultz's Order dated June 1, 2023 (Doc. No. [138]) is **DENIED**.

2. Magistrate Judge David T. Schultz's Order dated June 1, 2023 (Doc. No. [137]) is **AFFIRMED**.

Dated:  July 18, 2023                             s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge